**IN THE IN THE UNITED STATES
DISTRICT COURT FOR THE WESTERN
DISTRICT OF WISCONSIN**

---

**JOHN A. SPERTUS MD,**

        *Plaintiff,*

v.

        **Case No. 3:22cv553**

**EPIC SYSTEMS CORPORATION,**

        REDACTED

        *Defendant.*

---

**Plaintiff's Answer and Affirmative Defenses to Epic's Counterclaims**

---

Plaintiff Dr. John Spertus ("Dr. Spertus") sets forth the following Answer and

Affirmative Defenses to Defendant Epic Systems Corporation's ("Epic") Counterclaims.  Except

as otherwise expressly set forth below, Dr. Spertus denies knowledge of information sufficient to

form a belief as to the truth or falsity of each and every allegation contained in the

Counterclaims.  Any allegation, averment, contention or statement in the Counterclaims not

specifically and unequivocally admitted is denied, including any statement in a heading or

subheading.  Dr. Spertus preserves all objections regarding the admissibility of any allegations or

statements made in the Counterclaims or in this Answer and Affirmative Defense.  Dr. Spertus

responds to each of the paragraphs of the Counterclaims as follows:

### Response to "Nature of Action & Relief Sought"

**Paragraph 1:** "This Court has jurisdiction over the subject matter of Epic's claims under the
copyright laws of the United States, 17 U.S.C. § 101 et seq., the Declaratory Judgment Act, 28
U.S.C. §§ 2201 et seq., and pursuant to 28 U.S.C. §§ 1331 and 1338."

    1.   Dr. Spertus admits that this Court has jurisdiction over this copyright matter under the

        copyright laws of the United States, 17 U.S.C. §101 et seq., and pursuant to 28 U.S.C.

        §§ 1331 and 1338.  Dr. Spertus denies the remaining allegations in Paragraph 1

because he is without knowledge or information sufficient to form a belief as to the

truth of the allegations.

**Paragraph 2:** "This Court may declare the rights and other legal relations of the parties pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, because this case presents a case of actual controversy within this Court's jurisdiction."

2. Dr. Spertus denies the allegations in Paragraph 2 because he is without knowledge or

information sufficient to form a belief as to the truth of the allegations therein.

**Paragraph 3:** "This Court also has jurisdiction over the subject matter of Epic's claims pursuant to 28 U.S.C. § 1332 as Epic and Dr. Spertus are citizens of different states and the amount in controversy exceeds $75,000.00."

3. Dr. Spertus admits that Epic and Dr. Spertus are citizens of different states. Except as

expressly admitted, Dr. Spertus denies the allegations in Paragraph 3 because he is

without knowledge or information sufficient to form a belief as to the truth of the

allegations therein.

**Paragraph 4:** "This Court has supplemental jurisdiction over the asserted state law claims under 28 U.S.C. § 1367(a)."

4. Dr. Spertus admits the allegations in Paragraph 4.

**Paragraph 5:** "Venue is proper in this Court pursuant at least to 28 U.S.C. §§ 1391, 1400(a). Epic is incorporated under the laws of Wisconsin and maintains its principal place of business in Verona, Wisconsin."

5. Dr. Spertus admits the allegations in Paragraph 5.

**Paragraph 6:** "This Court has personal jurisdiction over Dr. Spertus pursuant to the Western District of Missouri's Order granting Epic's Motion to Transfer Case (Dkt. 40) and because Dr. Spertus directed his efforts and accusations against Epic causing injury to Epic while Epic was located in this District. Dr. Spertus alleged Epic infringed certain purported copyrights held by Dr. Spertus and subsequently engaged in communications and negotiations with Epic concerning Dr. Spertus' purported copyrights in or to the Seattle Angina Questionnaire(s)."

6. Dr. Spertus admits that this Court has personal jurisdiction over Dr. Spertus pursuant

to the Western District of Missouri's Order granting Epic's Motion to Transfer Case

(Dkt. 40). Dr. Spertus admits that Dr. Spertus alleges Epic infringed copyrights held

by Dr. Spertus and that Dr. Spertus engaged in communications and negotiations with

Epic concerning Dr. Spertus' copyrights in or to the Seattle Angina Questionnaire(s).

Except as expressly admitted, Dr. Spertus denies the allegations in paragraph 6.

**Paragraph 7:** "This is further an action arising from Dr. Spertus' conduct which has harmed Epic. This conduct includes Dr. Spertus pressuring and demanding Epic pay for alleged rights to questionnaire(s) Epic already had a license to use and for which Dr. Spertus did not own the rights, title, interest, or copyright to at the time of Dr. Spertus' representations to Epic."

7.  Dr. Spertus admits that he owns valid copyrights to the Questionnaires and that Epic

has infringed those copyrights.  Except as expressly admitted, Dr. Spertus denies the

allegations in Paragraph 7.

**Paragraph 8:** "This is an action to declare Epic does not infringe any validly held copyrights owned by Dr. Spertus.  This is also an action to declare the Questionnaires are not subject to copyright protection and/or that Dr. Spertus does not, or at the time of the relevant allegations, did not hold legal right, title, or interest to any copyright in the Questionnaires."

8.  Dr. Spertus admits that he owns valid copyrights to the Questionnaires and that Epic

has infringed those copyrights.  Except as expressly admitted, Dr. Spertus denies the

allegations in Paragraph 8.

**Paragraph 9:** "Additionally, this is an action to declare that Dr. Spertus' actions constitute Copyright Misuse, and/or Unfair Trade Practice to the detriment and harm of Epic.**"**

9.  Dr. Spertus denies the allegations in Paragraph 9.

**Paragraph 10:** "Dr. Spertus has engaged in intentional conduct that has harmed Epic."

10. Dr. Spertus denies the allegations in Paragraph 10.

**Paragraph 11:** "Epic has been injured by Dr. Spertus' conduct and has suffered damages resulting therefrom in an amount greater than $75,000.00."

11. Dr. Spertus denies the allegations in Paragraph 11.

### Response to "The Parties & The Short Form Questionnaire (SAQ-7)"

**Paragraph 12:** "Upon information and belief, Dr. Spertus is a cardiologist who resides in Kansas City, Missouri."

12. Dr. Spertus admits that he is a cardiologist who resides in Kansas City, Missouri.

**Paragraph 13:** "Epic is a healthcare information technology company that develops software for the healthcare industry, including for hospitals, medical groups, integrated healthcare organizations, and payors."

13. Dr. Spertus admits that Epic is a company that develops software for the healthcare industry. Except as expressly admitted, Dr. Spertus denies the allegations in Paragraph 13 because he is without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

**Paragraph 14:** "Epic's primary software offerings are EpicCare Inpatient and EpicCare Ambulatory, which are electronic health records ("EHR") software offered for acute care facilities and outpatient clinics, respectively. Epic also offers a number of specialty modules that its customers can choose to separately license."

14. Dr. Spertus denies the allegations in Paragraph 14 because he is without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

**Paragraph 15:** "Epic's EHR software is highly configurable, and each customer organization determines for itself how to configure their local systems based on their clinical and operational protocols. The software also includes general purpose tools that enable customer organizations to create their own content to use in their local deployment of Epic software, commonly referred to as an "instance." Examples of this content include questionnaires, after-visit summaries, clinical calculators, or template letters. Customers may also license content from third parties to use in their local instance. Each customer organization determines for itself the content it uses in its instance of Epic software."

15. Dr. Spertus denies the allegations in Paragraph 15 because he is without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

**Paragraph 16:** "In addition to the EHR software it licenses, Epic also offers some items of content for its customers to consider building in their instance of Epic in what is called the "Foundation System." To the extent that rights to this content belong to a third-party, Epic obtains rights to use the content in its software or in the Foundation System before it begins development."

16. Dr. Spertus denies that Epic obtains rights to use the content in its software before it begins development, and Dr. Spertus denies the remaining allegations in Paragraph

16 because he is without knowledge or information sufficient to form a belief as to

the truth of the allegations therein.

**Paragraph 17:** "In July 2016, Epic obtained a license from Wolters Kluwer Health to use and reproduce the contents of an article titled Development and Validation of a Short Version of the Seattle Angina Questionnaire (the "Article")."

17. Dr. Spertus denies the allegations in Paragraph 17.

**Paragraph 18:** "In or around February 2019, Epic added to the Foundation System a copy of a questionnaire that was the subject of—and was copied in—the Article."

18. Dr. Spertus denies the allegations in Paragraph 18 because he is without knowledge

or information sufficient to form a belief as to the truth of the allegations therein.

**Paragraph 19:** "Previously, REDACTED , Dr. Spertus REDACTED



19. Dr. Spertus admits that REDACTED

Except as expressly admitted, Dr.

Spertus denies the allegations in Paragraph 19.

**Paragraph 20:** "When Dr. Spertus REDACTED

20. Dr. Spertus denies the allegations in Paragraph 20.

**Paragraph 21:** "On September 24, 2014, the AHA published the Article purportedly authored by Dr. Spertus, Paul S. Chan, MD, MSc, Philip G. Jones, MS, and Suzanne A. Arnold, MD in the AHA journal Circulation: Cardiovascular Quality and Outcomes."

21. Dr. Spertus admits that the Article was authored by Paul S. Chan, Philip G. Jones,

Suzanne A. Arnold, and Dr. Spertus. Dr. Spertus admits the Article was published in

the journal Circulation: Cardiovascular Quality and Outcomes on September 1, 2014. Except as expressly admitted, Dr. Spertus denies the allegations in Paragraph 21.

**Paragraph 22:** "The Article concerned the Questionnaire referred to in the Complaint as the Short Form Questionnaire, also known as SAQ-7. Indeed, the Article contained a copy of the Short Form Questionnaire as a Figure on page 644 of the AHA Journal."

22. Dr. Spertus admits that the Article concerned the Questionnaire referred to in the Complaint as the Short Form Questionnaire, also known as the SAQ-7. Dr. Spertus admits that the Article includes a copy of the Short Form Questionnaire as a Figure on page 644 of the journal Circulation: Cardiovascular Quality and Outcomes, Volume 7, Issue 5. Except as expressly admitted, Dr. Spertus denies the allegations in Paragraph 22.

**Paragraph 23:** REDACTED

23. Dr. Spertus admits REDACTED Dr. Spertus denies that Wolters Kluwer Health was granted any license or rights to the copyrights in the Questionnaires. Except as expressly admitted, Dr. Spertus denies the allegations in Paragraph 23.

**Response to "Epic's License to Use the Short Form Questionnaire"**

**Paragraph 24:** "On July 22, 2016, Epic purchased a perpetual license to the Article, including the Figure containing the Short Form Questionnaire, from WKH through its agent Copyright Clearance Center's ("CCC") RightsLink platform (the "Epic License" or "Epic's License")."

24. Dr. Spertus admits that Epic purchased a license that was subject to various

restrictions and limitations that purported to give Epic permission to use in a mobile

application an article titled Development and Validation of a Short Version of the

Seattle Angina Questionnaire. Except as expressly admitted, Dr. Spertus denies the

allegations in Paragraph 24.

**Paragraph 25:** "Epic's License is dated July 22, 2016 and remains in full force and effect."

25. Dr. Spertus denies the allegations in Paragraph 25.

**Paragraph 26:** "Epic's License from WKH granted Epic the right to use and reproduce "The Seattle Angina Questionnaire-7" at page 644 of the Journal in Epic's software for use with the hundreds of healthcare organizations using that software. That is the "Short Form Questionnaire" at issue in this litigation."

26. Dr. Spertus denies the allegations in Paragraph 26.

**Paragraph 27:** "WKH REDACTED

27. Dr. Spertus denies the allegations in Paragraph 27.

**Response to "Dr. Spertus' Copyright Misuse & Presence of an Actual Controversy"**

**Paragraph 28:** REDACTED in August of 2019, Dr. Spertus' attorney, Carl Covert, contacted Epic alleging Epic infringed Dr. Spertus' alleged copyright based on Epic's alleged use of the Short Form Questionnaire."

28. Dr. Spertus admits that his attorney, Carl Covert, contacted Epic in August of 2019 to

inform Epic that Epic infringed Dr. Spertus' copyright to the Short Form

Questionnaire. Except as expressly admitted, Dr. Spertus denies the allegations in

Paragraph 28.

**Paragraph 29:** "Epic responded to Mr. Covert informing him that Epic had a license to use the Short Form Questionnaire through WKH."

   29. Dr. Spertus admits that Epic responded to Mr. Covert by erroneously alleging that

   Epic had a license to the Short Form Questionnaire. Except as expressly admitted,

   Dr. Spertus denies the allegations in Paragraph 29.

**Paragraph 30:** "In June of 2021, Dr. Spertus' attorney again contacted Epic alleging Epic should obtain a license from Dr. Spertus to use the Short Form Questionnaire in Epic's software. Epic responded noting that Epic's License with WKH contemplated and covered Epic's use of the Short Form Questionnaire in Epic's software."

   30. Dr. Spertus admits that in June of 2021, Dr. Spertus' attorney informed Epic that Epic

   did not have a license for its use of the Short Form Questionnaire. Dr. Spertus admits

   that in response, Epic erroneously alleged that it had a license that "specifically

   contemplates reproduction of the SAQ in an electronic format." Except as expressly

   admitted, Dr. Spertus denies the allegations in Paragraph 30.



**Paragraph 31:** "Meanwhile, REDACTED

   31. Dr. Spertus admits that REDACTED

   Except as expressly admitted, Dr. Spertus denies the

   allegations in Paragraph 31.

**Paragraph 32:** REDACTED

   32. Dr. Spertus admits that REDACTED

   Except as expressly admitted, Dr. Spertus denies the allegations in Paragraph 32.

**Paragraph 33:** REDACTED

33. Dr. Spertus admits that REDACTED

Except as expressly admitted, Dr. Spertus denies the allegations in Paragraph 33.

**Paragraph 34:** REDACTED

34. Dr. Spertus admits that REDACTED

Except as expressly admitted, Dr.

Spertus denies the allegations in Paragraph 34.

**Paragraph 35:** REDACTED

35. Dr. Spertus admits that REDACTED Dr. Spertus admits that REDACTED Except as expressly admitted, Dr. Spertus denies the allegations in Paragraph 35.

**Paragraph 36:** REDACTED

36. Paragraph 36 contains legal conclusions to which no response is required. Dr. Spertus denies any remaining allegations in Paragraph 36 because he is without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

**Paragraph 37:** REDACTED

37. Dr. Spertus admits that REDACTED



REDACTED

█████ Except as expressly admitted, Dr. Spertus denies the allegations in Paragraph 37.

**Paragraph 38:** "On March 16, 2022, REDACTED ███ Dr. Spertus filed the instant lawsuit against Epic in the Western District of Missouri."

38. Dr. Spertus admits that he filed a lawsuit against Epic in the Western District of Missouri on March 16, 2022. Except as expressly admitted, Dr. Spertus denies the allegations in Paragraph 38.

**Paragraph 39:** "Despite Dr. Spertus' multiple representations in 2019, 2020, and 2021, Dr. Spertus did not possess the exclusive right, title, interest, or copyright ownership in or to the Short Form Questionnaire. REDACTED

39. Dr. Spertus denies the allegations in Paragraph 39.

**Paragraph 40:** "Despite Dr. Spertus knowing REDACTED ████ and being notified of Epic's license from WKH in or around September 2019, Dr. Spertus continued to represent to Epic that he REDACTED held the rights to the Short Form Questionnaire."

40. Dr. Spertus admits that he owns the copyrights to the Short Form Questionnaire and that he properly asserted that he owned these copyrights. Except as expressly admitted, Dr. Spertus denies the allegations in Paragraph 40.

**Paragraph 41:** REDACTED

41. Dr. Spertus denies the allegations in Paragraph 41.

**Paragraph 42:** "Dr. Spertus ███████████████████████████████████████████, also understood that he ███████████████████████████████████████████████████████████████

███████████████████████████████████████████████

42. Dr. Spertus denies the allegations in Paragraph 42.

**Paragraph 43:** ███████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████████

███████████████████████████████████████

43. Dr. Spertus denies the allegations in Paragraph 43.

**Paragraph 44:** "Despite Dr. Spertus' knowledge and Epic's pre-existing rights to use the Short Form Questionnaire, Dr. Spertus persisted in attempting to solicit money from Epic for using those rights and filing and prosecuting this lawsuit alleging Epic infringed Dr. Spertus' copyright."

44. Dr. Spertus admits that he owns the copyrights to the Short Form Questionnaire and

that he properly asserted that he owned these copyrights. Except as expressly

admitted, Dr. Spertus denies the allegations in Paragraph 44.

### Response to "FIRST COUNTERCLAIM (Copyright Misuse)"

**Paragraph 45:** "Epic re-alleges and incorporates by reference all of the preceding counterclaim paragraphs as if fully set forth herein."

45. Dr. Spertus incorporates his answers and denials to the allegations set forth in the

corresponding paragraphs.

**Paragraph 46:** "Upon information and belief, during the period in which Dr. Spertus alleges that Epic infringed the copyright in the Short Form Questionnaire, Dr. Spertus was not the owner of the copyright in the Short Form Questionnaire, ███████████████████████████

46. Dr. Spertus denies the allegations in Paragraph 46.

**Paragraph 47:** "In or around August 2016, Dr. Spertus attempted to sell a copyright license, which he did not at that time have the right to grant, to Epic for the Short Form Questionnaire."

47. Dr. Spertus admits that he owns the copyrights to the Short Form Questionnaire and

that he properly asserted that he owned these copyrights. Except as expressly

admitted, Dr. Spertus denies the allegations in Paragraph 47.

**Paragraph 48:** "In or around August 2019, Dr. Spertus' attorney sent a letter to Epic alleging infringement of the Short Form Questionnaire, after which Dr. Spertus attempted to use the threat of litigation to sell a copyright license for the Short Form Questionnaire to Epic, which Dr. Spertus did not at the time have the right to grant."

48. Dr. Spertus admits that in or around August 2019, Dr. Spertus' attorney sent a letter to Epic alleging infringement of the Short Form Questionnaire. Except as expressly admitted, Dr. Spertus denies the allegations in Paragraph 48.

**Paragraph 49:** "Upon information and belief, between June 24, 2014 and March 8, 2022, Dr. Spertus has offered to sell, and has sold, copyright licenses for the Short Form Questionnaire to numerous hospital systems, universities, and other third parties for substantial licensing fees. During this period Dr. Spertus did not own the copyright to the Short Form Questionnaire and did not have the right to grant licenses or sublicenses to the Short Form Questionnaire."

49. Dr. Spertus admits that between June 24, 2014, and March 8, 2022, Dr. Spertus has offered to sell, and has sold, copyright licenses to the Short Form Questionnaire to hospital systems, universities, and other third parties for substantial licensing fees. Except as expressly admitted, Dr. Spertus denies the allegations in Paragraph 49.

**Paragraph 50:** "Dr. Spertus was and is aware of Epic's prior license to use the Short Form Questionnaire and that Dr. Spertus was not the legal or beneficial owner of an exclusive copyright in or to the Short Form Questionnaire. Dr. Spertus' therefore did not have any right or standing to demand Epic enter into a license for material Epic already possessed a valid license to. Dr. Spertus' copyright misuse is therefore willful and malicious."

50. Dr. Spertus admits that he owns the copyrights to the Short Form Questionnaire and that he properly asserted that he owned these copyrights. Except as expressly admitted, Dr. Spertus denies the allegations in Paragraph 50.

**Paragraph 51:** "Based on Epic's licensed rights to use the Short Form Questionnaire, Dr. Spertus' copyright infringement claims against Epic are meritless."

51. Dr. Spertus denies the allegations in Paragraph 51.

**Paragraph 52:** "Dr. Spertus has leveraged, and continues to leverage, alleged rights granted by the Copyright Act to assert and/or attempt to sell rights to the Short Form Questionnaire—rights which Dr. Spertus did not possess."

52. Dr. Spertus admits that he owns the copyrights to the Short Form Questionnaire and

that he properly asserted that he owned these copyrights.  Except as expressly

admitted, Dr. Spertus denies the allegations in Paragraph 52.

**Paragraph 53:** "Dr. Spertus uses any copyright he may possess in or to any of the Questionnaires in a manner that is anticompetitive, contrary to public policy, and in contravention of the limited rights afforded under the Copyright Act."

53. Dr. Spertus denies the allegations in Paragraph 53.

**Paragraph 54:** "Dr. Spertus attempted to negotiate with Epic and then filed the instant lawsuit against Epic in an inequitable attempt to expand Dr. Spertus' purported copyright in or to any of the Questionnaires, in a manner that is anticompetitive and contrary to public policy, constitutes copyright misuse."

54. Dr. Spertus denies the allegations in Paragraph 54.

**Paragraph 55:** "Epic is entitled to relief for the harm Epic has suffered as a result of Dr. Spertus' copyright misuse, including (i) Epic's costs and attorneys' fees incurred in responding to Dr. Spertus' actions, misuse, and meritless claims and (ii) any such relief the court deems proper to discourage such conduct in the future."

55. Dr. Spertus denies the allegations in Paragraph 55.

### Response to "SECOND COUNTERCLAIM (Declaration of Non-Infringement)

**Paragraph 56:** "Epic re-alleges and incorporates by reference all of the preceding counterclaim paragraphs as if fully set forth herein."

56. Dr. Spertus incorporates his answers and denials to the allegations set forth in the

corresponding paragraphs.

**Paragraph 57:** "Dr. Spertus alleges that Epic directly, contributorily, and vicariously infringes Dr. Spertus' copyright in the First and/or Second Seattle Angina Questionnaires."

57. Dr. Spertus admits the allegations in Paragraph 57.

**Paragraph 58:** "Epic has not and does not infringe Dr. Spertus' copyright directly, contributorily, or vicariously. Specifically, Epic had and has a perpetual license to use the Short Form Questionnaire, which originates from REDACTED

58. Dr. Spertus admits that he owns the copyrights to the Short Form Questionnaire and that he properly asserted that he owned these copyrights. Except as expressly admitted, Dr. Spertus denies the allegations in Paragraph 58.

**Paragraph 59:** "An actual and justifiable controversy requiring declaratory relief exists between Dr. Spertus and Epic as evidenced by Dr. Spertus filing the instant lawsuit against Epic alleging copyright infringement."

59. Dr. Spertus admits that he filed the instant lawsuit against Epic alleging copyright infringement. Paragraph 59 contains legal conclusions to which no response is required. Except as expressly admitted, Dr. Spertus denies the allegations in Paragraph 59 because he is without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

**Paragraph 60:** "Epic is entitled to a judgment declaring Epic does not infringe any copyright held by Dr. Spertus to any form or version of the Seattle Angina Questionnaire."

60. Paragraph 60 contains legal conclusions to which no response is required. Dr. Spertus denies the allegations in Paragraph 60.

**Paragraph 61:** "A judicial declaration is necessary and appropriate so Epic may ascertain its rights regarding the Short Form Questionnaire."

61. Paragraph 61 contains legal conclusions to which no response is required. Dr. Spertus denies the allegations in Paragraph 61 because he is without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

### Response to "THIRD COUNTERCLAIM (Declaration of Copyright Invalidity)"

**Paragraph 62:** "Epic re-alleges and incorporates by reference all of the preceding counterclaim paragraphs as if fully set forth herein."

62. Dr. Spertus incorporates his answers and denials to the allegations set forth in the corresponding paragraphs.

**Paragraph 63:** "The alleged copyright protected questionnaire(s) asserted against Epic in the Complaint are invalid for failure to satisfy one or more of the requirements set forth in 17 U.S.C. §102, et seq."

63. Dr. Spertus denies the allegations in Paragraph 63.

**Paragraph 64:** "The First and Second Seattle Angina Questionnaires contain a set of basic formulaic and functional questions representing fundamental base level ideas or procedures for collecting information regarding a patient's angina condition."

64. Dr. Spertus denies the allegations in Paragraph 64.

**Paragraph 65:** "The First and Second Seattle Angina Questionnaires merely contain Dr. Spertus' attempt to copyright medical ideas, namely the method to collect information concerning a patient's angina condition, which is not a copyright eligible expression under 17 U.S.C. § 102(b)."

65. Dr. Spertus denies the allegations in Paragraph 65.

**Paragraph 66:** "By Dr. Spertus' own admission, the expression(s) contained within the questionnaires are essential to the idea(s) presented within the Questionnaires—collecting basic information for a medical condition—and, based on other available public questionnaires and methods, there are very few ways of expressing the medical idea(s) or scientific principals represented in the Questionnaires. The Questionnaires are therefore invalid under the merger doctrine."

66. Dr. Spertus denies the allegations in Paragraph 66.

**Paragraph 67:** "The First and Second Seattle Angina Questionnaires are also invalid under the doctrine of scènes à faire because the idea or method of collecting information on a patient's condition represented in the Questionnaires is only capable of expression in more or less stereotyped form."

67. Dr. Spertus denies the allegations in Paragraph 67.

**Paragraph 68:** "By Dr. Spertus' own admission, there are not different ways he could have expressed the information within the Questionnaires and still have them work."

68. Dr. Spertus denies the allegations in Paragraph 68.

**Paragraph 69:** "The manner in which Dr. Spertus expressed the questions in the Questionnaires was dictated by the medical and scientific limitations associated with angina."

69. Dr. Spertus denies the allegations in Paragraph 69.

**Paragraph 70:** "Additionally, the information contained within both the First and Second Seattle Angina Questionnaires contains scientific and/or medical observations relating to angina,

which are not invented or created; rather they already existed and are merely observed, discovered, or recorded within the Questionnaires. Such discoveries do not give rise to copyright protection."

70. Dr. Spertus denies the allegations in Paragraph 70.

**Paragraph 71:** "Dr. Spertus did not create the medical reality observed or noted in the Questionnaires, which exist as a law of nature or science."

71. Dr. Spertus denies the allegations in Paragraph 71.

**Paragraph 72:** "For one or more of the foregoing reasons supporting the invalidity of the First and Second Seattle Angina Questionnaires, the Short Form Questionnaire (SAQ-7) is equally invalid because it is merely a verbatim selection of several questions from the Second Questionnaire. The Short Form Questionnaire contains a subset of seven questions found in the Second Questionnaire, which represent basic ideas or procedures for collecting medical information."

72. Dr. Spertus admits that the Short Form Questionnaire (SAQ-7) contains a verbatim

subset of the elements of the Second Angina Questionnaire. Except as expressly

admitted, Dr. Spertus denies the allegations in Paragraph 72.

**Paragraph 73:** "Dr. Spertus admits the Short Form Questionnaire or SAQ-7 is verbatim derived from the Second Seattle Angina Questionnaire and contains the bare minimum of questions necessary. The Short Form Questionnaire is therefore invalid, including under the doctrine of scènes à faire, because the questions contained within the Short Form Questionnaire are capable of expression in more or less stereotyped form—the form depicted in the Short Form Questionnaire."

73. Dr. Spertus admits that the Short Form Questionnaire contains a verbatim subset of

the elements of the Second Angina Questionnaire. Except as expressly admitted, Dr.

Spertus denies the allegations in Paragraph 73.

**Paragraph 74:** "The Short Form Questionnaire is further invalid under the merger doctrine as it applies to the "fact-expression dichotomy" codified in 17 U.S.C. § 102(b)."

74. Dr. Spertus denies the allegations in Paragraph 74.

**Paragraph 75:** "The questions in the Short Form Questionnaire are taken entirely from the Second Seattle Angina Questionnaire and admittedly are 'reproduced verbatim with no changes.'"

75. Dr. Spertus admits that the Short Form Questionnaire (SAQ-7) contains a verbatim subset of the elements of the Second Angina Questionnaire. Except as expressly admitted, Dr. Spertus denies the allegations in Paragraph 75.

**Paragraph 76:** "The only way for Dr. Spertus to have created the Short Form Questionnaire was to take the elements and/or ideas from the Second Seattle Angina Questionnaire and express them in the verbatim manner they are expressed in the Short Form Questionnaire as claimed by Dr. Spertus."

76. Dr. Spertus denies the allegations in Paragraph 76.

**Paragraph 77:** "There is only one possible way of expressing the content of the Second Seattle Angina Questionnaire in the Short Form Questionnaire."

77. Dr. Spertus denies the allegations in Paragraph 77.

**Paragraph 78:** "Copyrighting the Short Form Questionnaire would therefore be an impermissible copyrighting of the ideas expressed in the Second Seattle Angina Questionnaire."

78. Dr. Spertus denies the allegations in Paragraph 78.

**Paragraph 79:** "An actual and justiciable controversy requiring declaratory relief exists between Plaintiff and Epic as evidenced by Plaintiff's filing of the Complaint alleging copyright infringement against Epic."

79. Dr. Spertus admits that he filed a Complaint alleging copyright infringement against Epic. Paragraph 79 contains legal conclusions to which no response is required. Except as expressly admitted, Dr. Spertus denies the allegations in Paragraph 79 because he is without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

### Response to "FOURTH COUNTERCLAIM (Unfair Trade Practices, Wis. Stat. § 100.20)"

**Paragraph 80:** "Epic re-alleges and incorporates by reference all of the preceding counterclaim paragraphs as if fully set forth herein."

80. Dr. Spertus incorporates his answers and denials to the allegations set forth in the corresponding paragraphs.

**Paragraph 81:** "During the period in which Plaintiff alleges that Epic infringed the copyright in the Short Form Questionnaire, Plaintiff was not the owner of the copyright in the Short Form Questionnaire, REDACTED ███████████████████████████████

    81. Dr. Spertus denies the allegations in Paragraph 81.

**Paragraph 82:** REDACTED ███████████████████████████
███████████████████████████████████████████████████
████████████████████████

    82. Dr. Spertus denies the allegations in Paragraph 82.

**Paragraph 83:** "In or around August 2016, Dr. Spertus attempted to sell to Epic a copyright license to the Short Form Questionnaire, which he did not at that time have the right to grant."

    83. Dr. Spertus admits that he owns the copyrights to the Short Form Questionnaire and that he properly asserted that he owned these copyrights.  Except as expressly admitted, Dr. Spertus denies the allegations in Paragraph 83.

**Paragraph 84:** "In or around August 2019, Dr. Spertus' attorney sent a letter to Epic alleging infringement of the Short Form Questionnaire, after which Dr. Spertus attempted to use the threat of litigation to sell a copyright license for the Short Form Questionnaire to Epic, which Dr. Spertus did not at the time have the right to grant."

    84. Dr. Spertus admits that in or around August 2019, Dr. Spertus' attorney sent a letter to Epic alleging infringement of the Short Form Questionnaire.  Except as expressly admitted, Dr. Spertus denies the allegations in Paragraph 84.

**Paragraph 85:** "In 2016, 2019, and 2020, Dr. Spertus represented to Epic that Dr. Spertus had the right to license the Short Form Questionnaire to Epic. Dr. Spertus engaged in his representations to Epic to induce Epic to enter into a license to the Short Form Questionnaire from Dr. Spertus."

    85. Dr. Spertus admits that Dr. Spertus represented to Epic that he has the right to license the Short Form Questionnaire to Epic.   Except as expressly admitted, Dr. Spertus denies the allegations in Paragraph 85.

**Paragraph 86:** REDACTED ████████████████████████████
████████████████, and being notified of Epic's license from WKH in or around September 2019, Dr. Spertus continued to represent to Epic that he REDACTED ████████ held the rights to the Short Form Questionnaire."

86. Dr. Spertus admits that he owns the copyrights to the Short Form Questionnaire and that he properly asserted that he owned these copyrights.  Except as expressly admitted, Dr. Spertus denies the allegations in Paragraph 86.

**Paragraph 87:** "Pursuant to Wis. Stat. § 100.20, Dr. Spertus engaged in unfair trade practices by attempting to cause Epic to believe that Epic (i) was infringing valid copyright interests in the Short Form Questionnaire owned by Dr. Spertus and/or (ii) that Dr. Spertus owned a valid copyright interest in the Short Form Questionnaire that Epic could and/or had to license from Dr. Spertus."

87. Dr. Spertus admits that he owns valid copyrights to the Short Form Questionnaire and that he properly asserted that he owned these copyrights.  Except as expressly admitted, Dr. Spertus denies the allegations in Paragraph 87.

**Paragraph 88:** "Epic has been and continues to be harmed by Dr. Spertus' unfair trade practices."

88. Dr. Spertus denies the allegations in Paragraph 88.

### Response to "JURY DEMAND"

**Jury Demand: "**Epic hereby demands a trial by jury on all issues so triable."

**Response:** Dr. Spertus admits that Epic requests a trial by jury on all issues so triable.

### Response to "PRAYER FOR RELIEF"

**Prayer for Relief:** WHEREFORE, Epic prays for an order entering judgment as follows:
  (a) Dismissal of Dr. Spertus' Complaint with prejudice;
  (b) Judgment declaring that Dr. Spertus' actions constitute Copyright Misuse;
  (c) Judgment declaring that Epic has not and does not infringe any valid enforceable copyright of Dr. Spertus;
  (d) Judgement declaring any alleged copyright owned or held by Dr. Spertus and asserted against Epic is invalid;
  (e) Judgment declaring Dr. Spertus' actions and/or statements constitute Fraudulent Representations under Wis. Stat. § 100.18;
  (f) Judgment declaring Dr. Spertus' actions and/or statements constitute Negligent Representations under Wisconsin common law;
  (g) Judgment declaring Dr. Spertus' actions and/or statements constitute Unfair Trade Practices under Wis. Stat. § 100.20;
  (h) Award of damages to Epic resulting from Epic's Counterclaims;
  (i) Judgment awarding Epic its reasonable costs and attorneys' fees in connection with this matter, including pursuant to 17 U.S.C. § 505; and

(j)      Such other and further relief as this Court deems just and proper.

**Response:** Dr. Spertus admits that Epic requests, but denies that Epic is entitled to, any

of the relief requested.

### Affirmative Defenses

### First Affirmative Defense

The Counterclaims fail to state a claim upon which relief can be granted.

### Second Affirmative Defense

The Counterclaims are barred in whole or in part by the doctrine of unclean hands.

### Third Affirmative Defense

The Counterclaims are barred in whole or in part by the presumption of copyright

validity.

### Fourth Affirmative Defense

The Counterclaims are barred in whole or in part because Defendant suffered no

damages, or because any actual harm was de minimis.

### Fifth Affirmative Defense

The Counterclaims are barred in whole or in part by Defendant's failure to mitigate

damages.

Date: November 9th, 2022

Respectfully submitted,

**DOVEL & LUNER, LLP**

/s/ *Joanne Bui*
Joanne Bui (admitted *pro hac vice*)
CA State Bar No. 340378
Christin Cho (admitted *pro hac vice*)
CA State Bar No. 238173
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
Telephone: 310-656-7066
christin@dovel.com
joey@dovel.com

and

**PINES BACH LLP**

Lester A. Pines
WI Bar No. 1016543
122 W. Washington Ave, Ste 900
Madison, WI 53703
Phone: 608.251.0101
Fax: 608.251.2883
lpines@pinesbach.com

*Attorneys for Plaintiff*